Filed 7/19/13  P. v. Melendrez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LORENZO EDUARDO MELENDREZ,<br><br>Defendant and Appellant. | F065490<br><br>(Super. Ct. No. VCF248412)<br><br>**OPINION** |

-------

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Levy, J. and Peña, J.

This appeal involves a discrepancy between the reporter's transcript of the sentencing hearing and the minute order arising from that hearing. In keeping with the general rule, we adopt the trial court's oral pronouncement as the intended sentence and modify the judgment accordingly. As modified, the judgment will be affirmed.

## FACTS AND PROCEDURAL HISTORY

On February 10, 2011, defendant and appellant Lorenzo Eduardo Melendrez fired a gun at a car occupied by the victims, indentified as M.M. and B.G. Subsequently, defendant pled no contest to charges of shooting at an occupied vehicle (count I, Pen. Code, § 246); assault with a semiautomatic firearm on M.M. (count II, Pen. Code, § 245, subd. (b)); and assault with a semiautomatic firearm on B.G. (count III, *ibid.*). As to counts II and III, defendant admitted that he personally used a firearm during the commission of the offense (Pen. Code, § 12022.5, subd. (a)). (Each of the three counts was alleged to be a serious and violent felony under the "Three Strikes" law.) Defendant was sentenced to an operative prison sentence of six years. The court imposed a restitution fine of $2,600. (Pen. Code, § 1202.4.) It imposed and stayed a parole revocation restitution fine of $3,600. (See *id.*, § 1202.45.) The minute order and the abstract of judgment, however, both indicated that the court had imposed a restitution fine of $3,600.

## DISCUSSION

Defendant contends, and respondent agrees, that when there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, both parties request that this court modify the minute order to conform to the oral pronouncement of judgment, and we will do so.

Defendant also contends, and respondent agrees, that the parole revocation restitution fine required by Penal Code section 1202.45 is, by the terms of the statute, required to be in the same amount as the restitution fine imposed under Penal Code

2.

section 1202.4. Both parties request that we modify the minute order to conform to that requirement, and we will correct the unauthorized sentence by doing so.

## DISPOSITION

The minute order of May 31, 2012, is modified to reflect the imposition of a restitution fine in the sum of $2,600 pursuant to Penal Code section 1202.4. The minute order of May 31, 2012, is further modified to impose a parole revocation restitution fine in the sum of $2,600 pursuant to Penal Code section 1202.45. As modified, the judgment is affirmed. The trial court shall cause the preparation of an amended abstract of judgment reflecting these modifications, which it shall transmit to the appropriate authorities.